IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jerome Addison, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Bryan Stirling, *Director (SCDC)*; )<br>Willie Weldon, *(SCDC) Retired*; Mae )<br>Brown, *Head Classification Specialist* )<br>*(SCDC)*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 8:20-cv-3735-TMC<br><br>**ORDER** |

Plaintiff Jerome Addison, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On October 23, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss the case if Plaintiff fails to pay the filing fee. (ECF No. 8). Plaintiff filed objections to the Report, (ECF No. 11), and this matter is now ripe for review.

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 8 at 2–6). Briefly, as the magistrate judge correctly noted, the Prison Litigation Reform Act of 1996 ("PLRA"),[1] "requires this Court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental

---

[1] Pub. L. No. 104–134, 110 Stat. 1321–71 (1996).

1

entity or an officer of employee of a governmental entity" in order to "identify 'cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (ECF No. 8 at 2 (quoting 28 U.S.C. § 1915A(b)(1)). The PLRA also limits the number of civil actions a prisoner can file without prepayment of the filing fees, known as the Three-Strikes Rule. *See* 28 U.S.C. § 1915(g); *see also Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The Three-Strikes Rule provides, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) (clarifying that a dismissal without prejudice for failure to state a claim qualifies as a strike under § 1915(g)). Thus, a prisoner may avoid the Three-Strikes Rule under § 1915(g) by prepaying the filing fee in full; however, the screening requirements of § 1915A apply to all civil lawsuits brought by prisoners seeking a governmental entity or any officer or employee thereof.

The magistrate judge found that Plaintiff is a "frequent filer" and has filed over thirty cases in this court, including the case at bar. (ECF No. 8 at 4, 4 n.2 (listing cases)). Of these cases, the magistrate judge identified at least six that constitute strikes under the PLRA and discussed three of those cases in detail. *Id*. at 4–5 (discussing 8:15-cv-4581—dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); 2:05-cv-0501—summarily dismissed without prejudice based on immunity of defendant; and 2:00-cv-1178—summarily dismissed without prejudice based on immunity of defendant); *see also id*. at 4 n.3 (identifying three additional cases that would constitute strikes under the PLRA).

2

Consequently, the magistrate judge found that Plaintiff cannot proceed *in forma pauperis* unless his claims could establish the exception for imminent physical harm under the Three-Strikes rule. *Id*. at 5 (citing 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010)). As the magistrate judge properly noted, "[i]n order to invoke the 'imminent danger' exception to § 1915(g), an inmate must make specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id*. (quoting *Johnson v. Warner*, 200 Fed. App'x 270, 272 (4th Cir. 2006)) (internal quotation marks omitted). Applying this standard, the magistrate found that there are no allegations in the Complaint suggesting Plaintiff is in any imminent danger. *Id*. at 6. Accordingly, the magistrate judge concluded that Plaintiff's motion to proceed *in forma pauperis* is barred by the Three-Strikes Rule and recommends the motion be denied. *Id*. at 6, 7.

Plaintiff filed objections to the Report which are set forth in their entirety below:

> Plaintiff Jerome Addison objects too [sic], refute and reject each and every portion of the magistrate report and recommendation filed 11/5/20 and would shown [sic] error (see attached exhibit #1[).]
>
> Wherefore as a matter of law the magistrate judge report and recommendation for summary judgment and sanctions must fail.

(ECF No. 11).[2]  This matter is now ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific

---

[2] Although Plaintiff's objections refer to an attached "exhibit #1," no such document was included in Plaintiff's filing. The only other document included with Plaintiff's objections was his certificate of service. *See* (ECF No. 11-1).

objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin*

4

*v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

Although Plaintiff filed objections to the Report, they fail to specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 11). Rather, the objections are non-specific and unrelated to the dispositive portions of the Report or even this case itself. *See id*. (referring to a Report recommending summary judgment and sanctions where no such Report has been entered in this case—indeed, issuance and service of process has not yet been authorized—and the Report at issue deals solely with Plaintiff's motion to proceed *in forma pauperis*). Accordingly, Plaintiff has failed to set forth any specific objections to the Report and the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Thus, having thoroughly reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 8), which is incorporated herein by reference. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is, hereby, **DENIED**. Plaintiff is **ORDERED** to pay the filing fee of four hundred dollars ($400.00) within twenty-one (21) days from the date of this Order. Furthermore, Plaintiff shall be on **NOTICE** that if he fails to pay the filing fee within the time granted, this case

will be **DISMISSED** *without prejudice* pursuant to the Three-Strikes Rule of 28 U.S.C. § 1915(g). Accordingly, the Clerk of Court is directed to enter the required final judgment at the close of the twenty-one-day period if the filing fee has not been paid. If Plaintiff pays the required fee within the time allotted, this action shall be sent back to the magistrate judge for further review.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
February 1, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.